IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **AUTREY JOE HUBBARD,**<br>    **ID # 18006108,**<br>        **Plaintiff,**<br>vs.<br><br>**DALLAS COUNTY SHERIFF'S DEPT.**<br>**JAIL STAFF, UTMB - PARKLAND**<br>**HOSPITAL MEDICAL STAFF AT JAIL**<br>        **Defendant.** | )<br>)<br>)<br>) No. 3:18-CV-653-L-BH<br>)<br>)<br>)<br>)<br>) Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this *pro se* prisoner case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

The plaintiff filed this action against the defendants on March 20, 2018. (*See* doc. 3.) By *Notice of Deficiency and Order* dated March 21, 2018, he was notified that he had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 4.) The order specifically advised him that he must either pay the filing fee or file his IFP application with the required certificate of inmate trust account within thirty days. *Id.* The order also advised the plaintiff that he had not filed his complaint on the proper form, and that he must file an amended complaint on the proper form within thirty days. *Id.* Finally, the order advised him that a failure to comply with its terms could result in the dismissal of his case. *Id.* Attached to the order were copies of the form IFP application and the form complaint for prisoner civil rights actions. *See id.* More than thirty days from the date of the order have passed, but the plaintiff has not paid the filing fee, filed an IFP application, filed an amended complaint on the proper form, or filed anything else.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The plaintiff failed to comply with the order that he pay the filing fee or submit an IFP application and file an amended complaint on the proper form despite a warning that failure to do so could result in dismissal of the case.  Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff either pays the filing fee or submits his completed application to proceed *in forma pauperis* with a certificate of inmate trust account, and files an amended complaint on the proper form, within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED** on this 27th day of April, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE