IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AUTREY JOE HUBBARD,       )<br>    ID#18006108,             )<br>        Plaintiff,          )<br>                            )<br>v.                          )<br>                            )<br>DALLAS COUNTY SHERIFF'S DEPT. )<br>JAIL STAFF, UTMB - PARKLAND )<br>HOSPITAL MEDICAL STAFF AT JAIL, )<br>        Defendants.         ) | Civil Action No.  3:18-CV-0653-L-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the case should be **DISMISSED** for failure to state a claim.

**I.  BACKGROUND**

Autrey Joe Hubbard (Plaintiff) filed suit under 42 U.S.C. § 1983 against the Dallas County Sheriff (Sheriff), Dallas County Sheriff's Department (Department), Parkland UTMB Jail Staff Department (Hospital), a Hospital jail staff nurse (Nurse), and a jail staff Security Officer (Officer) (collectively Defendants) for "deprivation of rights under color of law." (doc. 3 at 2-4;doc. 6 at 3.)

Plaintiff claims that he was denied a medically assigned bottom bunk while in Department's custody. (*See* doc. 3 at 4.) While he was there, Officer escorted Nurse from pod to pod for "Med Call" to administer prescribed medications to inmates. (*See* doc. 3 at 6.) Inmates were required by jail policy to take their prescribed medication with water in front of a nurse and jail staff, and Nurse allegedly gave him medication that he was "forced to ingest" by Officer. (*See id.*; doc. 6 at 4.)  He was unaware that it was not his correct medication until Nurse said, "I gave you the wrong meds."

---

[1]  By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

(doc. 3 at 6.) Plaintiff became disoriented, dizzy, and light-headed, and climbed to the top bunk to lie down. (*Id.*) According to his cell mate, he was "unresponsive and fell off the top-bunk." (*Id.* at 5.) When medical personnel arrived, Plaintiff was barely coherent and was taken to the Hospital. (*Id.*) Plaintiff claims that he experienced pain in his neck, back, legs, and had a pins-and-needles sensation. (*Id.*) He does not remember his diagnosis because he was still "fuzzy-dizzy," but he was prescribed medication that he was still taking at the time he filed his complaint. (doc. 3 at 4-5.) Plaintiff filed a grievance but was told that "this was non-grievable." When he informed the jail staff and medical staff of his grievance, they responded "so sue me!" (*Id.* at 9.)

Plaintiff claims that as a direct result of being given the wrong medication, he was injured when he fell from the top bunk because he was dizzy and disoriented. (*Id.* at 6.) He seeks compensation for his medical bills and costs of therapy, and monetary damages for his pain and suffering. (doc. 6 at 4.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

Because he is a prisoner, Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if it is found to be frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which

2

relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III.  SECTION 1983

Plaintiff sues Defendants under § 1983. (doc. 3 at 4.) It "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a § 1983 claim, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.  Non-Jural Entity**

To the extent that Plaintiff sues Officer in her official capacity, he fails to state a claim. [2]

An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent.  *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). By suing Officer in her official capacity, Plaintiff is actually suing Department.  *See Lowe v. Palo Pinto Cty. Sheriff's Dep't*, No. 4:15-CV-285-A, 2015 WL 1781246, at *2 (N.D. Tex. Apr. 15, 2015)

---

[2]  Plaintiff does not clearly state whether he is suing Defendants in their official or individual capacities. (*See* doc. 3;6.) Because his allegations appear to relate Dallas County's obligations and its alleged failure to protect him, his complaint is liberally construed as asserting claims against them in their official capacities.

(noting that claims brought against jailers in their official capacity would be against their employer, the sheriff's department); *Reynolds v. City of Poteet*, No. SA:12-CV-01112-DAE, 2013 WL 594731, at *13 (W.D. Tex. Feb. 15, 2013) (same).

A plaintiff may not bring a civil rights action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id*. at 313. It is well-settled that neither the Dallas County Sheriff's Department nor the Dallas County Jail System are jural entities subject to suit. *See, e.g., Bell v. Dallas County Sheriff's Dep't*, No. 3:16-CV-3415-L-BH, 2019 WL 4418227, at * 2 (N.D. Tex. Aug. 19, 2019), *rec. adopted*, 2019 WL 4412740 (N.D. Tex. Sept. 13, 2019); *Edwards v. Dallas County Jail Med. Dep't*, No. 3:07-CV-0886-G, 2007 WL 2687615, at *2 (N.D. Tex. Sept. 13, 2007) (holding that the Dallas County jail is not a jural entity subject to suit); *Magnett v. Dallas County Sheriff's Dep't*, No. 3:96-CV-3191, 1998 WL 51355, at *1 (N.D. Tex. Jan. 20, 1998) (holding that the Dallas County Sheriff's Department is not a jural entity that can be sued). The claims against Officer in her official capacity and against Department should therefore be dismissed for failure to state a claim.

**B.     Municipal Liability**

To the extent that Plaintiff sues Sheriff in her official capacity, he fails to state a claim. As noted, a suit against Sheriff in her official capacity is merely another way of pleading an action against her municipal employer, i.e., Dallas County. *Kentucky v. Graham*, 473 U.S. at 165. Municipalities, including counties and cities, may be held liable under § 1983. *Hampton Co. Nat'l*

*Sur., LLC v. Tunica County*, 543 F.3d 221, 224 (5th Cir.2008).  A municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978); *Jones v. City of Hurst, Tex.*, No. 4:05–CV–798–A, 2006 WL 522127, at *3 (N.D. Tex. Mar. 2, 2006) (citing *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)).  It is well-settled that a municipality cannot be liable under a theory of *respondeat superior*, however.  *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing cases).  "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom."  *Id*. (citing *Monell*, 436 U.S. at 694); *see also Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010); *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005).  Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law.  *Monell*, 436 U.S. at 691–95.

> "Official policy" is defined as:
>
> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (per curiam); *accord Pineda v. City*

*of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Where a policy is facially constitutional, a plaintiff must demonstrate that it was promulgated with deliberate indifference to known or obvious consequences that constitutional violations would result. *Piotrowski*, 237 F.3d at 579-80 & n.22; *accord Peterson v. City of Fort Worth*, 588 F.3d 838, 849-50 (5th Cir. 2009), *cert. denied*, 562 U.S. 827 (2010). "Deliberate indifference of this sort is a stringent test, and 'a showing of simple or even heightened negligence will not suffice' to prove municipal culpability." *Piotrowski*, 237 F.3d at 579 (citation omitted) (stressing that "*Monell* plaintiffs [need] to establish both the causal link ('moving force') and the City's degree of culpability ('deliberate indifference' to federally protected rights)").

Here, Plaintiff alleges that Sheriff failed to prevent the wrong medication from being issued to him and failed to prevent Officer from forcing him to ingest it. (doc. 6 at 3.) He does not allege that a specific policy was officially adopted and promulgated by Dallas County's lawmaking officers, or by an official who had been delegated law-making authority. He also fails to allege a constitutional violation for which the moving force was the policy. Finally, he has failed to allege any persistent and widespread practice that caused his injuries. *See Monell*, 436 U.S. at 691–95. Plaintiff has failed to state a viable § 1983 claim against Dallas County, and his official capacity claims against the Sheriff should also be dismissed.

**C.    Supervisory Liability**

To the extent that Plaintiff sues Sheriff in her individual capacity, he fails to state a claim.

Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or *respondeat superior* liability. *See Estate of Davis ex rel. McCully v. City of North Richmond Hills*, 406 F.3d 375, 381 (5th Cir.2005). In order to prevail against a supervisor under § 1983, a plaintiff must show that: 1) the supervisor's conduct

6

directly caused a constitutional violation; or 2) that the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir.2000). The acts of a subordinate "trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir.1999). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Id*. A plaintiff cannot make generalized allegations. *Howard v. Fortenberry*, 723 F.2d 1206 (5th Cir.1984); *Blakely v. Andrade*, 360 F.Supp.3d 453, 488–89 (N.D. Tex. 2019).

Here, Plaintiff alleges no specific facts to indicate that Sheriff had any personal involvement in any violation of his constitutional rights, or that she implemented a policy resulting in a constitutional injury to him. He makes conclusory allegations but pleads no facts to show that Sheriff failed to prevent Nurse and Officer from forcing him to take the wrong medication. (doc. 6 at 3.) His generalized allegations of a policy requiring medication to be taken in front of a nurse and jail staff are sufficient to show that she implemented a policy that resulted in constitutional injury to him. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (recognizing that supervisory liability exists without overt personal involvement if supervisory officials implement a deficient policy that is the moving force behind a constitutional violation); *see also Hitt v. McLane*, A-17-CV-289-SS, 2018 WL 773992, at *8-9 (W.D. Tex. Feb. 7, 2018) (holding prisoner had failed to establish claim for supervisory liability where he did not identify a policy or custom that violated his constitutional rights).

Plaintiff also alleges that he filed a grievance and informed the jail staff and medical staff of his grievance. (doc. 3 at 9.) A failure to respond to a letter or grievance does not rise to the required level of personal involvement for liability. *See Amir-Sharif v. Valdez*, No. 3-06-CV-2258-P,

7

2007 WL 1791266, at *2 (N.D. Tex. Jun. 6, 2007) (failure to take corrective action in response to a grievance does not rise to the level of personal involvement). Because his claims against Sheriff are based solely on her supervisory role, he fails to state a plausible claim against her.

**D.     Negligence**

Plaintiff sues Nurse for giving him the wrong medication and her employer or supervisors for failing to prevent her from giving him the wrong medication. (doc. 3 at 2; doc. 6 at 3.)

"Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of [state] tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979).  Negligence is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (concluding that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (stating that "[r]espondents' lack of due care . . . simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent").  Even if Nurse's alleged negligence caused an unintended injury, Plaintiff has not stated a violation of his constitutional rights. *See Lemoine v. New Horizons Ranch & Ctr., Inc.*, 174 F.3d 629, 635 (5th Cir. 1999) (holding that negligence by state officials does not constitute a due process violation under the Fourteenth Amendment). More specifically, negligently or carelessly giving him medication that was not  prescribed for him is not a constitutional violation. *See Green v. Ross*, 398 F. App'x 2, *2 (5th Cir. Sept.2, 2010) (holding that allegations that a nurse negligently and carelessly gave the plaintiff the wrong medication were properly dismissed where there was no allegation that the nurse intentionally treated him incorrectly or that he suffered any injury from the alleged mistreatment). Plaintiff's allegations of negligence are insufficient to impose liability under § 1983. *See Brumfield*

8

*v. Hollins*, 551 F.3d 322, 333 (5th Cir. 2008); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). His negligence claims against Nurse and Hospital should be dismissed.

## IV.  RECOMMENDATION

Plaintiff's claims should be **DISMISSED with prejudice** under 28 U.S.C. §1915(e)(2)(B) for failure to state a claim.  This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

**SO RECOMMENDED** on this 5th day of May, 2020.



IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE