IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **AUTREY JOE HUBBARD,** <br> **ID # 18006108,** <br><br> **Plaintiff,** <br><br> v. <br><br> **DALLAS COUNTY SHERIFF'S DEPT. JAIL STAFF, UTMB – PARKLAND HOSPITAL MEDICAL STAFF AT JAIL,**[1] <br><br> **Defendants.** | § § § § § § § § § § § § § § | Civil Action No. **3:18-CV-653-L** |

## ORDER

On May, 5 2020, United States Magistrate Judge Irma Carrillo Ramirez entered the Findings, Conclusions, and Recommendation ("Report") (Doc. 12), recommending that this action be dismissed for failure to state a claim. Specifically, she determined that Plaintiff Autrey Joe Hubbard ("Plaintiff") failed to assert any viable claims under 42 U.S.C. § 1983 against Defendants Dallas County Sheriff's Department Jail Staff, UTMB – Parkland Hospital Medical Staff at Jail (collectively, "Defendants"). She also recommends that this dismissal count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g). No objections to the Report were filed.[2]

Having reviewed the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of

---

[1] Plaintiff also brings this action against an unidentified female African American nurse, former Dallas County Sheriff Lupe Valdez, and an unidentified female Afro-American Security officer.

[2] The docket sheet reflects that the Report was returned undeliverable and was not resent. Thus, Plaintiff did not receive it. The court notes that Plaintiff changed his address on June 8, 2018 (*see* doc. 11), which is the address to which the Report was mailed, and has not provided an updated address. Plaintiff was notified that failure to provide an updated address may result in dismissal of this action. Doc. 2. The court, therefore, will rule on the Report, as Plaintiff has failed to update his address as required.

Order - 1

the court.  Accordingly, the court **dismisses with prejudice** this action under 28 U.S.C. §§ 1915(e)(2)(B) for failure to state a claim.  Further, the dismissal of this action **shall** count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).

The court prospectively **certifies** that any appeal of this action would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  In support of this certification, the court **accepts and incorporates** by reference the Report.  *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.21 (5th Cir. 1997).  Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit.  *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 31st day of May, 2020.

Sam A. Lindsay
United States District Judge